UNITED STATES DISTRICT COURT
DISTRICT OF PUERTO RICO

JACQUELINE GARCÍA-NAVARRO,  )
  )
      Plaintiff,  )
  )
    v.  )    3:17-cv-01271-JAW
  )
HOGAR LA BELLA UNIÓN, INC.,  )
  et al.  )
      Defendants.  )

**ORDER ON MOTION TO STRIKE CROSSCLAIM, MOTION TO FILE
AMENDED COMPLAINT AND MOTION IN COMPLIANCE**

Pending before the Court are various motions relating to a co-defendant's/insurer's general commercial liability policy and its position either that the Court did not make a final ruling on coverage or that the Court's prior ruling that two of the plaintiff's theories of liability against co-defendants/the insureds are covered under the general commercial liability policy should be reconsidered. Plaintiff seeks to amend her complaint to assert a bad faith claim against the insurer for its refusal engage in serious settlement discussions and the insureds seek to maintain a bad faith crossclaim against the insurer for its refusal to act in accordance with the terms of its insurance contract. Reviewing the transcript of the prior ruling, the Court concludes that the judge did in fact issue a final ruling on the coverage issues presented in the insurer's motion for summary judgment. Finding no basis to reconsider the Court's prior ruling, the Court affirms the ruling and denies the insurer's motion and denies a separate motion requesting reconsideration of a related

ruling.  In light of the record as well as federal and Puerto Rico law, the Court grants the plaintiff's motion to amend her complaint to include a bad faith claim against the insurer, allows the insureds to maintain the bad faith crossclaim against the insurer, and denies the insurer's motion to strike the insureds' crossclaim.  Finally, to make certain that the notice provision of Puerto Rico law is met, the Court allows the amendment to become effective sixty days from the date the plaintiff gave notice under Puerto Rico law.

## I.    BACKGROUND

### A.    The Complaint and Amended Complaint

On February 23, 2017, Jacqueline García-Navarro filed a civil action against Hogar La Bella Unión, Inc. (La Bella Unión), Ms. Maria Betancourt, the principal shareholder, owner, president and administrator of La Bella Unión, and place-holder names for its insurer, alleging that La Bella Unión and Ms. Betancourt were negligent and that their negligence caused the death of Carlina Navarro-Ayala on March 26, 2016, and further alleging that La Bella Unión's insurer provided coverage for its negligence and was liable to pay causally-related damages.  *Compl.* (ECF No. 1).[1]

On May 5, 2018, Ms. García-Navarro filed a second amended complaint, impleading Universal Insurance Company (Universal) as a defendant and alleging that Universal issued insurance policies in effect as of March 26, 2015 making it liable

---

[1]    Ms. García-Navarro impleaded several other defendants, who have now resolved her claims, leaving only La Bella Unión, Ms. Betancourt, and Universal Insurance Company as the remaining defendants.

to pay the damages claimed in the second amended complaint caused by the negligence of La Bella Unión and Ms. Betancourt. *Second Am. Compl.* ¶ 163 (ECF No. 93). On June 13, 2018, Universal answered the Second Amended Complaint. *Answer to Second Am. Compl.* (ECF No. 105).

### B. Universal's Motion for Summary Judgment and the Court Order

On August 15, 2018, Universal filed a motion for summary judgment on the primary ground that its general commercial liability insurance policy expressly excluded from coverage all bodily injury or property damage arising from professional services rendered by La Bella Unión in its facility. *Mot. for Summ. J.* at 3 (ECF No. 111). Universal provided a statement of uncontested material facts in support of its motion for summary judgment. *Universal Ins. Co.'s Statement of Uncontested Material Facts in Support of its Mot. for Summ. J.* (ECF No. 112). On August 29, 2018, Ms. García-Navarro filed her opposition to Universal's motion for summary judgment. *Opp'n to Mot. for Summ. J. Filed by Universal Ins. at Docket No. 111* (ECF No. 116) (*Pl.'s Opp'n to Universal Summ. J. Mot.*). On October 9, 2018, Universal filed a reply to Ms. García-Navarro's response to its motion for summary judgment. *Reply to Pl.'s Resp. in Opp'n to Mot. for Summ. J. Filed by Universal Ins. Co.* (ECF No. 141) (*Universal Reply Summ. J. Mot.*).

On December 11, 2018, United States District Judge William G. Young held a videoconference hearing to hear oral argument on Universal's motion for summary judgment. *Tr.* (ECF No. 216). Judge Young issued oral rulings on the motion. *Min. Entry* (ECF No. 166). The docket entry reads:

> After hearing from counsel, the Court enters an order finding as moot 113 motion for summary judgment, see Notice of Voluntary Dismissal 165; granting in part and denying in part 111 motion for summary judgment; the motion is allowed as to counts relating to 9-1-1 call and denied as to remaining counts, failure to keep records and miscommunicating to treating physician.

*Id.* On January 7, 2019, Universal filed a motion for reconsideration of Judge Young's ruling on its motion for summary judgment and a request for interlocutory certification. *Mot. for Recons. of Minute Order at Docket 166 and Requesting Interlocutory Cert. under 28 U.S.C.A. § 1292(B) for Order at Docket No. 166* (ECF No. 173). Judge Young denied the motion on January 8, 2019. *Order* (ECF No. 174).

### C. La Bella Unión's Crossclaim Against Universal and Universal's Motion to Strike Crossclaim

On February 7, 2019, La Bella Unión filed a crossclaim against Universal, alleging that Universal breached its insurance contract with La Bella Unión by denying coverage, by refusing to negotiate and consider settlement, and by refusing to defend La Bella Unión. *Crosscl. Against Co-Def. Universal Ins.* (ECF No. 179) (*La Bella Crosscl.*). On February 28, 2019, Universal moved to strike La Bella Unión's crossclaim, *Mot. to Strike Crosscl.* (ECF No. 186) (*Universal Mot. to Strike*), and Universal answered the La Bella Unión crossclaim. *Answer to Crosscl.* (ECF No. 187). On March 23, 2019, La Bella Unión and Maria Betancourt responded to the Universal motion to strike. *Defs. Hogar Bella Unión, Inc., Maria M. Betancourt, her Husband Frank Joe, and the Conjugal Partnership Formed by Them's Resp. in Opp'n to Co-Def. Universal Ins.'s Mot. to Strike [Doc. 186]* (ECF No. 206) (*La Bella Unión Opp'n to Mot. to Strike*).

### D. Universal's Motion for Reconsideration of Judge Young's March 14, 2019 Order

On March 8, 2019, Ms. García-Navarro filed a motion in limine seeking to include and exclude certain pieces of evidence at trial. *Mot. in Limine for Inclusion and Exclusion of Evid. at Trial* (ECF No. 191). On March 10, 2019, Ms. García-Navarro filed an amended motion in limine, which included exhibits, corrected typographical mistakes, inserted a footnote, and requested the Court strike her prior motion. *Mot. Submitting Am. in Limine for Inclusion and Exclusion of Evid. at Trial*, at 1 (ECF No. 192) (*Pl.'s Mot. in Limine*). Relevant for the purposes of this Order, Ms. García-Navarro sought to "exclude all evidence at trial about the application of exclusions found in Universal Insurance Company, Inc.'s ('Universal Insurance') policy and their application to ministerial, clerical negligent acts and omissions alleged in the Complaint." *Pl.'s Mot. in Limine* at 2. On March 14, 2019, Judge Young entered the following Order:

> The Court rules: 1. The governmental investigative report's observations, factual findings, and conclusions are admissible under Fed. R. Evid. 803(A)(ii) & (iii).
> 2. The trial judge will determine whether the periodic inspections are admissible.
> 3. No evidence shall be received as to the insurance policy's exclusions or limitations (although the limitation of course bounds the damages recoverable).

*Order* (ECF No. 199). That same day, Universal filed a motion for reconsideration of Judge Young's Order. *Mot. Recons. of Order at Docket No. 199* (ECF No. 201) (*Universal's Mot. for Recons. of Limine Order*). The next day, March 15, 2019, Ms. García-Navarro filed an opposition to Universal's motion for reconsideration. *Opp'n*

to Mot. for Recons. (ECF No. 202) (*Pl.'s Opp'n to Universal's Mot. for Recons. of Limine Order*).

### E. The Case is Reassigned and This Court's April 19, 2019 Order

Meanwhile, on March 14, 2019, this case was reassigned to this Judge. *Order Reassigning Case* (ECF No. 200). On April 16, 2019, the Court held a status conference and motion hearing. *Min. Entry* (ECF No. 212). On April 19, 2019, the Court issued an order, setting deadlines by which La Bella Unión must file a motion with a supporting memorandum regarding its bad faith claim against Universal and deadlines for Ms. García-Navarro to file a motion to amend her complaint. *Order* (ECF No. 213). In addition, the Court established deadlines by which time Universal must file a motion addressing whether Judge Young previously ruled on whether La Bella Unión's alleged failure to keep medical records and providing allegedly inaccurate information were excluded from Universal's insurance coverage. *Id.*

### F. Universal's Motion in Compliance with Order

Following the April 16, 2019 proceeding, on April 30, 2019, Universal filed a motion in compliance with order, addressing the significance of Judge Young's December 11, 2019 order on Universal's motion for summary judgment. *Mot. in Compliance with Order* (ECF No. 218) (*Universal's Coverage Mot.*). On May 6, 2019, Ms. García-Navarro filed an opposition to Universal's motion. *Reply in Opp'n to Mot. Filed by Universal Ins. Co. at Docket No. 218 and Req. for Rule 11 Sanctions* (ECF No. 219) (*Pl.'s Opp'n to Coverage Mot.*).

### G. La Bella Unión's Bad Faith Claim Against Universal

At the April 16, 2019 status conference, La Bella Unión and Maria M. Betancourt observed that they had filed a crossclaim alleging that Universal had engaged in bad faith in its dealings with them. Universal claimed that neither Defendant may file a crossclaim because of timeliness issues and because this Court lacks jurisdiction over the crossclaim. On April 19, 2019, the Court issued an order, requiring La Bella Unión and Ms. Betancourt to file memoranda, addressing these issues. *Order* at 1 (ECF No. 213).

On May 7, 2019, La Bella Unión and Ms. Betancourt filed a motion in compliance with the Court's April 19, 2019 order. *Defs. Hogar Bella Union, Inc. and Maria M. Betancourt's Mot. in Compliance with Order [Doc. 213]* (ECF No. 221) (*La Bella Crosscl. Mem.*). On May 21, 2019, Universal filed a response to La Bella Unión and Ms. Betancourt's response. *CoDef.'s Mot. in Compliance with Order at Docket No. 213* (ECF No. 222) (*Universal Crosscl. Opp'n and Opp'n to Pl.'s Mot. to Am. Compl.*).

### H.    The Plaintiff's Motion to Amend Complaint

On May 7, 2019, Ms. García-Navarro filed a motion to amend her complaint, *Mot. Requesting Leave to Am. Compl.* (ECF No. 220) (*Pl.'s Mot. to Am.*), and she attached to the motion to amend a proposed Third Amended Complaint. *Id.* Attach. 1, *Third Am. Compl.* On May 21, 2019, Universal filed an opposition to Ms. García-Navarro's motion to amend her complaint. *Universal Crosscl. Opp'n and Opp'n to Pl.'s Mot. to Am. Compl.* On May 28, 2019, Ms. García-Navarro filed a reply to Universal's opposition to her motion to amend complaint. *Br. Reply to Universal Ins.*

*Co.'s Opp'n to Jacqueline's Req. for Leave to Am. Compl.* (ECF No. 223) (*Pl.'s Reply Mot. to Am. Compl.*).

On May 28, 2019, Universal filed a motion for leave to file sur-reply to Ms. García-Navarro's reply to its opposition to her motion to amend the complaint. *Mot. for Leave to File Br. Sur Reply* (ECF No. 225). On the same day, Ms. García-Navarro filed her opposition to Universal's motion for leave to file sur-reply. *Opp'n to Mot. for Leave to File Reply or in the Alternative Requesting an Opportunity to Resp. to Universal Ins.'s Proposed Submission* (ECF No. 226). On May 31, 2019, the Court granted Universal's motion to file sur-reply and allowed Ms. García-Navarro an opportunity to file a sur-response to Universal's sur-reply. *Order* (ECF No. 228). On June 7, 2019, Universal filed a sur-reply. *Universal Ins.'s Sur-reply to Pl.'s Mot. at Docket No. 223* (ECF No. 231) (*Universal Sur-reply*). On June 12, 2019, Ms. García-Navarro filed a sur-response to Universal's sur-reply. *Br. Opp'n to Universal Ins.'s Sur-reply Filed at Docket No. 231* (ECF No. 232) (*Pl.'s Sur-reply Opp'n*).

## II. THE DISPUTES

### A. Whether Universal Provides Coverage to La Bella Unión

#### 1. Universal's Position

At the April 16, 2019 hearing, Universal took the position that Judge Young had not ruled on the coverage questions presented in its motion for summary judgment. Accordingly, the Court ordered Universal to obtain a transcript of Judge Young's December 11, 2018 hearing on Universal's motion for summary judgment. *Order* (ECF No. 213). Specifically, the Court allowed Universal seven days from the

filing date of the transcript of Judge Young's December 11, 2018 hearing to file a motion "addressing whether the Court previously determined if Hogar's alleged failure to keep proper medical records and for allegedly providing inaccurate information was excluded from Hogar's coverage under its commercial general liability policy." *Id.* at 1-2.

On April 23, 2019, Universal filed the transcript of Judge Young's December 11, 2018 hearing. *Tr. for Video Conf. Hr'g Before: Judge William G. Young, Summ. J.* (ECF No. 216). When Universal filed its motion on April 30, 2019, Universal did not take the position that Judge Young failed to rule on its motion for summary judgment. *Universal's Coverage Mot.* at 1-3. Instead in its motion, Universal argued that Judge Young expressly stipulated that the coverage issues concerning the alleged failure to call 911 and the alleged failure to maintain records must be resolved by a jury. *Id.* at 2. Universal requested that the Court "reconsider its ruling at Docket No. 199 and allow Universal to present evidence as to this material issue to the Jury." *Id.* at 3.

### 2. The Plaintiff's Position

Ms. García-Navarro is not convinced. *Pl.'s Opp'n to Coverage Mot.* at 1-3. She views Universal's submission as "yet another example of the great lengths it will go to skirt payment on otherwise valid policy obligations." *Id.* at 3. Ms. García-Navarro requests "that Universal Insurance's pretensions be discarded out of hand." *Id.* In fact, Ms. García-Navarro demands that the Court sanction Universal for filing what it contends is a "reprehensible" motion. *Id.*

### B. Universal's Motion to Strike La Bella Unión and Ms. Betancourt's Crossclaim

#### 1. Universal's Position on the Motion to Strike Crossclaim

After La Bella Unión and Ms. Betancourt filed their crossclaim, Universal moved to strike the filing because La Bella Unión and Ms. Betancourt failed to ask for leave of court to make the filing and the crossclaim, in its view, was untimely. *Universal Mot. to Strike* at 1. Universal also argued that La Bella Unión and Ms. Betancourt failed to demonstrate good cause for their untimely filing. *Id.* After reciting the history of the case, Universal urged the Court to strike the crossclaim. *Id.* at 1-4.

#### 2. La Bella Unión's Opposition to Universal's Motion to Strike

In their opposition to Universal's motion to strike, La Bella Unión recited its view of the history of this case and points out that Ms. García-Navarro first brought a direct action against Universal on March 15, 2018, that Universal had filed a motion for summary judgment on the coverage issues on August 15, 2018, and that on December 11, 2018, Judge Young denied the motion in part and granted it in part. *La Bella Unión Opp'n to Mot. to Strike* at 2-4. In view of the fact that coverage has been a prominent issue in this litigation since at least March 15, 2018, La Bella Unión expressed skepticism about Universal's claim that it has been somehow disadvantaged from La Bella Unión's February 19, 2019 crossclaim. *Id.* at 4.

### C. Whether La Bella Unión and Ms. Betancourt May File A Bad Faith Claim Against Universal

#### 1. La Bella Unión and Ms. Betancourt's Position

In their memorandum, La Bella Unión and Ms. Betancourt frame the issue: "whether the court has jurisdiction over appearing parties' Crossclaim against Universal Insurance despite [] the fact that there is no diversity of citizenship between appearing Crossclaimants and Universal, all [being] residents of the Commonwealth of Puerto Rico." *La Bella Crosscl. Mem.* at 2. La Bella Unión pointed to 28 U.S.C. § 1367, the Court's supplemental jurisdiction, over claims interrelated to its original jurisdiction to allow for jurisdiction. *Id.* at 2-3. In fact, La Bella Unión argued, the standards for a proper crossclaim under Federal Rule of Civil Procedure 13(g) are similar to the standards for supplemental jurisdiction under 28 U.S.C. § 1367. *Id.* at 3-4. La Bella Unión then reviewed the progress of this case and Universal's adamant position that its policy affords no coverage to its insureds, thereby precipitating La Bella Unión's crossclaim. *Id.* at 4-7.

## 2. Universal's Position

In its response, Universal contends that La Bella Unión's crossclaim does not share a common nucleus of operative facts with the Plaintiff's original action, and therefore should not be allowed. *Universal Crosscl. Opp'n and Opp'n to Pl.'s Mot. to Am. Compl.* at 10. Universal says that La Bella Unión's crossclaim involves the issue of indemnity, which in Universal's view, involves a different set of facts than Ms. García-Navarro's civil action. *Id.* at 10-11. Universal relies on *Morales v. Automatic Vending Services, Inc.*, 103 D.P.R. 281, 3 P.R. Offic. Trans. 390 (1975), arguing that the Puerto Rico Supreme Court "seems to establish in *Morales*, that an insured can only present a bad faith claim against its insurer by presenting a separate suit, one

independent from the original action, and that insured cannot present a bad faith claim in the original action by way of a crossclaim." *Id.* at 13 (citing *Morales*, 103 D.P.R. at 283-84). Universal quotes the First Circuit in *Feliciano v. The United States Automobile Association*, 646 F.2d 695 (1st Cir. 1981) as suggesting that a separate trial should be held on bad faith claims.

Universal also argues that the Court should decline to exercise supplemental jurisdiction over the contemplated crossclaim under 28 U.S.C. § 1367(b) because the claim does not "share a common nucleus of operative facts with Plaintiff's original action," and because the case "involves a novel issue of State Insurance Law." *Id.* at 15. Finally, Universal raises the same timeliness and prejudice issues presented in its motion to strike. *Id.* at 16-18.

### D. Whether the Plaintiff May Amend Her Complaint to Include a Bad Faith Claim Against Universal

#### 1. The Plaintiff's Position

Ms. García-Navarro seeks to amend her Second Amended Complaint to assert that Universal acted in bad faith in its response to her claim. *Pl.'s Mot. to Amend Compl.* at 1-4. Ms. García-Navarro reviews the history of the case, including Universal's refusal to engage in serious settlement discussions, despite Ms. García-Navarro's willingness to settle her claims within coverage. *Id.*

#### 2. Universal's Position

In its opposition, Universal argues that Ms. García-Navarro does not have standing to bring a bad faith claim against Universal. *Universal Crosscl. Opp'n and Opp'n to Pl.'s Mot. to Am. Compl.* at 3-8. Universal maintains that only the tortfeasor,

not the claimant, has a right to proceed against the tortfeasor's insurer on a bad faith claim, and it explains that the Puerto Rico Supreme Court has recognized that the claimant is not a party to the insurance contract and therefore has no right to enforce its contractual obligations of good faith and fair dealing. *Id.* at 6-7. Universal cites Couch on Insurance as establishing that the insurer owes no duty of good faith to a claimant, due to the adversarial nature of a third party's claim against the insurer. *Id.* at 7-8 (citing 14 COUCH ON INSURANCE § 204:31 (3d ed.)).

### 3. The Plaintiff's Reply

In reply, the Plaintiff cites Puerto Rico statutory law, Law 247, Article 27.164, which allows "any person" to commence a civil action against an insurance company for damages caused by the insurer's failure "to resolve in good faith insurance claims . . . when it could and should have done so." *Pl.'s Reply Mot. to Am. Compl.* at 1-2. She adds that "[u]nder certain circumstances, punitive damages are also available."[2] *Id.*

### 4. Universal's Sur-reply

In its sur-reply, Universal argues that Law 247, Article 27.164 imposes additional requirements before a person may bring a lawsuit against an insurer. *Universal Sur-reply* at 2-3. Universal contends that the Plaintiff has not complied with the sixty-day notice requirements of Article 27.164 and that compliance is a precondition for initiating a direct action. *Id.* at 3. Universal says that the notice

---

[2] She acknowledges in a footnote that under Law 247, a person pressing a bad faith claim must notify the Puerto Rico Insurance Commissioner's Office "60 days before moving for judicial relief." *Pl.'s Reply Mot. to Am. Compl.* at 2 n.2. She represents that she "will file the requisite documentation with said office after this Honorable Court rules upon the motion practice now pending." *Id.*

precondition is jurisdictional. *Id.* at 4. Universal states that even if Plaintiff were to comply with the notice requirements today, the Insurance Commissioner would have the right to assess its sufficiency and Universal would have a "preemptive sixty (60) day statutory period to resolve the issue outside from court." *Id.* Furthermore, Universal claims that the Plaintiff has elected her remedies in that she has filed under Article 1802 of the Puerto Rico Civil Code and under Law 247, a claimant is barred from claiming both a Civil Code violation and a Law 247 action. *Id.*

Finally, Universal argues that Ms. García-Navarro failed to present a justiciable claim because she does not have standing to pursue it. *Id.* at 5. Universal maintains that her claim is unripe because a judgment has not been rendered in the original action. *Id.* Universal reiterates its tardiness arguments. *Id.* at 7-9.

### 5. The Plaintiff's Sur-response

Ms. García-Navarro dismisses Universal's claim that a third-party to an insurance contract may not file a bad faith claim under Puerto Rico law. *Pl.'s Sur-reply Opp'n* at 2. She points to the language of Law 247. *Id.* ("'any person' may file a claim under Law 247 for damages suffered in a bad-faith denial of insurance coverage"). She quotes from a form from the Office of the Puerto Rico Insurance Commissioner that expressly provides that a third-party claimant may be an affected party under Law 247. *Id.*

Regarding the sixty-day notice provision, Ms. García-Navarro disputes whether the sixty-day notice requirement must be filed before suit is commenced. *Id.* at 3-4. In a footnote, she confirms that she gave notice to the Puerto Rico Insurance

Commissioner on June 7, 2019. *Id.* at 3 n.2. Ms. García-Navarro points out that Universal has taken a position against settlement and she views its current position that it requires the sixty-day period to assess its position as "disingenuous." *Id.* at 4. Lastly, she notes that some of the events leading to the bad faith claim occurred only recently. *Id.*

### E. Universal's Motion for Reconsideration of Judge Young's March 14, 2019 Order

#### 1. Universal's Position

Universal says the Court issued its order without the benefit of receiving Universal's opposition memorandum to Ms. García-Navarro's motion in limine and asks the Court "to review the arguments set forth in this motion and reconsider its determination as to the exclusion at trial of as to the insurance policy's exclusions and limits." *Universal's Mot. for Recons. of Limine Order* at 1-2. Universal asserts that Ms. García-Navarro's motion is based on a flawed premised—namely "that the issue of coverage, or lack of coverage, has already been decided by this Honorable Court", and that the ruling constitutes the law of the case. *Id.* at 2. Universal disagrees that Judge Young issued a ruling as to a specific question of fact or law. *Id.* at 3. Universal claims that Judge Young's Order partly denying their motion for summary judgment does not constitute the law of case without an "opinion and order that specifically states that as a matter of fact or law there is coverage for determined counts under the policy." *Id.* at 4.

#### 2. Ms. García-Navarro's Position

Ms. García-Navarro disagrees. Ms. García-Navarro asserts that this is another attempt by Universal to avoid its coverage obligations. *Opp'n to Mot. for Recons.* at 1. Ms. García-Navarro says equitable and legal reasons command that Universal's motion be denied. *Id.* at 2. According to Ms. García-Navarro, the Court's Order was "was clearly and expressly enunciated from the bench at the end of the argumentative hearing [and] is straightforward: Universal Insurance's policy exclusions are inapplicable to damages negligently caused by actions and omissions stemming from ministerial, clerical task such as keeping complete records and communicating basic information to a threating physician." *Id.* at 4.

## III.  DISCUSSION

### A.  Judge Young's Order of December 11, 2018

On August 15, 2018, Universal filed a motion for summary judgment, claiming that its General Commercial Liability Policy excluded "from coverage claims made by third parties of 'bodily injury,' 'property damage' and 'personal injury'" arising from "the rendering or failure to render any professional service." *Mot. for Summ. J.* at 8 (ECF No. 111). *Id.* Universal argued:

> There is no genuine controversy of material facts that in her Complaint, the Plaintiff claims that she suffered damages as a result of: 1) Hogar la Bella Unión's failure to render proper medical treatment or services to remedy her mother's low hemoglobin levels and anemia; 2) Hogar la Bella Uni[ó]n's failure to take Mrs. Navarro-Ayala to the hospital when she was very ill, and to ensure that s[h]e be properly fed; and 3) Failure to provide the proper standard of care that is expected of a professional geriatric services institution.

*Id.* at 9-10. Universal concluded that "since the Policy exclusions are clear, unambiguous and leave no room for interpretation they are binding on the parties"

and "[b]ecause all of Plaintiff's claims against the Insured fall clearly outside the scope of the Policy, Universal is not, as a matter of law, contractually obligated to provide coverage in this case." *Id.* at 10. Universal requested that the Court enter summary judgment dismissing Plaintiff's claim against it with prejudice. *Id.*

In response, citing *Rodriguez-Vicente v. Hogar Bella Unión, Inc.*, 106 F. Supp. 3d 283 (D.P.R. 2015), the Plaintiff argued that the coverage issue was considered and rejected in 2015 in a similar case involving Hogar La Bella Unión. *Opp'n to Mot. for Summ. J. Filed by Universal Ins. at Docket No. 111* (ECF No. 116). Specifically, the Plaintiff contended that Universal had not excluded coverage for three alleged actions, (1) failure to keep proper records, (2) failure to call 911, and (3) failure to drive Ms. Carlina Navarro-Ayala to the hospital. *Id.* at 16.

In reply, Universal argued that *Rodriguez-Vicente* does not apply to this case, that *Viruet v. SLG Casiano-Reyes*, 194 D.R.P. 271 (2015) controls the resolution of its motion for summary judgment, and that the professional services exclusion applies to the Plaintiff's claims. *Reply to Pl.'s Resp. in Opp'n to Mot. for Summ. J. Filed by Universal Ins. Co.* at 1-9 (ECF No. 141).

In ruling on the motion for summary judgment, Judge Young stated:

> I can understand your argument with respect to the alleged failure to make the 911 call, and because that failure, it would seem to me, involves a certain degree of professional judgment, and therefore the exclusion most likely should apply. But for the failure with respect to, um, keeping records or the communication of erroneous information to the treatment physician, um, those allegations have nothing to do with professional - - it seems to me, have nothing to do with professional services, those are the - - or at least a jury could find that those are the, um, reasonable obligations of the facility, and under your general liability policy the exclusion should not apply and coverage would apply.

*Tr.* 8:7-20.  Judge Young asked counsel why his analysis was in error.  *Id.* 8:21.

Defense counsel argued the *Viruet v. SLG Casiano-Reyes* case.  *Id.* 8:22-9:9.  Judge

Young confirmed his familiarity with *Viruet* but stated that it stretched *Viruet* too far

to justify the exclusions Universal was urging.  *Id.* 9:7-9.  He stated that "[i]f that

were the case, then virtually everything that a geriatric nursing facility does would

be intertwined with professional services and you're not insuring anything, except

perhaps a fire or something.  I don't read the Supreme Court of Puerto Rico as going

that far."  *Id.* 9:7-14.

Judge Young asked Plaintiff's counsel his view and the following discussion

ensued:

> THE COURT: If I knocked out the claim for the 911, but left in the
> failure of recordkeeping and the misinformation to the treating
> physicians, you're - - as a practical matter you're okay with that?
>
> MR. RODRIGUEZ-VELEZ: Definitely, your Honor.  I think as we - - as
> our motion stated, and I have to disagree with counsel and I'm - - I agree
> with the argument of the honorable judge, um, here we're talking about
> just communication, that's not professional activity, just communicating
> a fact not known, um, to a treating physician, and that requires no
> professional skill.  Keeping a complete record of a resident is a simple
> matter that was not required in any way under professional skill.  And
> in this case, your Honor, you could go further.
>
> The owner of the facility knew that the mother, the plaintiff mother had
> had a blood transfusion in the past and she kept that information away
> - - she kept that information to herself and didn't tell the physician.
> That's another, um, omission that entails absolutely no professional
> judgment.
>
> THE COURT: Well - -
>
> MR. RODRIGUEZ-VELEZ: I mean it was clear, your Honor.

THE COURT: Wait. Wait a minute. We'll see what a jury says about it.

Here's the order of the court. Universal's motion for partial summary judgment is allowed insofar as it relates to any allegations arising out of a failure to call 911, and it's denied as it relates to the failure to keep records of personal information, um, on file and insofar as it relates to miscommunicating to the treatment physician about the blood transfusion. Those allegations are not professional services and, um, the case will go forward as to those against the facility.

*Id.* 9:17-11:1.

The Court views Judge Young's statements as determining that Universal's general commercial liability policy provides coverage for two of the Plaintiff's theories of liability against La Bella Unión, namely the failure to keep records and miscommunication, but that Universal does not provide coverage for the third theory, that La Bella Unión's employee should have called 911 and obtained emergency transportation to the hospital.

Judge Young's reference to "what a jury says about it" was in response to Attorney Rodriguez-Velez's arguments about the strength of his case against La Bella Unión, something Judge Young could not make any decisions about in the context of the then pending motion for summary judgment. What Judge Young concluded, however, was that if the jury determines La Bella Unión was not negligent under either of the covered theories, Universal would not be responsible for indemnification. At the same time, if the jury determines that La Bella Unión was negligent for failing to keep proper records or for miscommunicating information and that those failures caused injuries to Carlina Navarro-Ayala, Universal will owe a contractual duty of indemnification. Finally, regardless of what the jury finds on the theory that La Bella

Unión was negligent for failing to contact 911, Universal will have no indemnification obligation under that theory of liability.[3]

## B.    Motion for Reconsideration

In light of Judge Young's reasoning at the December 11, 2018 hearing and his subsequent Order, Universal's motion for reconsideration as to the Court's Order on Ms. García-Navarro's motion in limine lacks merit.[4]  Universal provided no other valid basis for the Court to reconsider this prior ruling and the Court finds none.

## C.    Universal's Motion to Strike

When Ms. García-Navarro filed her Complaint on February 23, 2017, she made it plain that she anticipated impleading La Bella Unión's and Ms. Betancourt's insurance companies once she identified them.  *Compl.* ¶ 34 ("Co-defendants ABC Insurance, JBC Insurance . . . are the fictitious names given to the insurance providers . . . Bella Unión[] and Mrs. Betancourt, respectively").  The November 20, 2017 scheduling order contemplated that any amendments to the pleadings be made on or before January 15, 2018.  *Am. Proposed Jt. Case Management Timeline* at 1 (ECF No. 56).

---

[3]    In her response to Universal's motion in compliance, Ms. García-Navarro asked that the Court to impose sanctions under Rule 11 against Universal for bringing this motion. *Pl.'s Opp'n to Coverage Mot.* at 3.  The Court dismisses this request without prejudice.  The Court does so because the bad faith claim that will soon be pending against Universal subsumes this demand.  At the end of the case, if Ms. García-Navarro wishes to refile her sanctions demand, she may do so.

[4]    It is true that Judge Young acted so quickly on the Plaintiff's Motion in Limine that the time for filing Universal's response had not yet expired and Universal had not filed its position.  The Plaintiff filed her motion on March 8, 2019, amended it on March 10, 2019, and Judge Young issued his order on March 14, 2019 before Universal responded.  Universal objects.  The Court overrules that objection.  Universal has placed before the Court all the arguments it would have placed before Judge Young and perhaps more, and Universal has had an ample opportunity to state its case.  None of Universal's arguments, however, convinces this Court that Judge Young substantively erred and therefore Universal has not been prejudiced by the quickness of Judge Young's Order.

On January 13, 2018, Ms. García-Navarro moved to amend her Complaint to include a direct claim against Universal as La Bella Unión's and Ms. Betancourt's insurer. *Mot. to Substitute Fictitious Parties and to Am. the Compl.* (ECF No. 62). The proposed First Amended Complaint filed on January 13, 2018 alleged that Universal was "liable for the damages claim in the Complaint." *First Am. Compl.* ¶ 154. The motion to amend the complaint was granted on March 12, 2018 and Ms. García-Navarro filed the amended complaint on March 15, 2018. *Order Granting Mot. for Misc. Relief* (ECF No. 71); *First Am. Compl.* (ECF No. 72). Universal answered the First Amended Complaint on May 9, 2018. *Answer to First Am. Compl.* (ECF No. 98). On August 15, 2018, Universal filed its motion for summary judgment and on December 11, 2018, Judge Young issued his ruling on the coverage issue that Universal raised in its motion. *Mot. for Summ. J.* (ECF No. 111); *Min. Order* (ECF No. 166). La Bella Unión and Ms. Betancourt filed the crossclaim on February 7, 2019. *Crosscl.* at 1-4.

Under the circumstances in this case, the Court overrules Universal's objection to La Bella Unión's crossclaim. The Plaintiff's First Amended Complaint raised the same issue La Bella Unión raised in its crossclaim. In her First Amended Complaint, Ms. García-Navarro claimed that Universal provided coverage for her claims against La Bella Unión and in the crossclaim, La Bella Unión has done the same. In fact, Universal presented the Court with a motion for summary judgment on the issue of coverage and therefore, the question has been litigated throughout this case. In this situation, it is unusual for an insurance company like Universal to acknowledge that

a third party may raise a question of coverage but to dispute whether its own insureds have the same right. Universal's contractual obligations to its own insureds caution against such a position.

The major source of contention is whether, in addition to La Bella Unión's claim that Universal has refused to recognize its coverage obligations, Universal should be subject to a bad faith claim for its refusal to act in accordance with the terms of its insurance contract with La Bella Unión. Focusing solely on the timeliness of the bad faith claim, it strikes the Court that however justified Universal's denial of coverage may have been before Judge Young's December 11, 2018 coverage ruling, it has become untenable since then. Once Judge Young ruled that Universal provided coverage for at least two of legal theories against La Bella Unión and Ms. Betancourt, Universal's apparent failure to comply with its duty to defend its insureds and its persistent refusal to accede to the judicial ruling on coverage have left Universal vulnerable to a charge not only of breach of contract, but of bad faith. Although the events that underlie the potential claim of bad faith reach back to Universal's initial denial of any coverage, including a duty to defend, the bad faith claim became more acute following Judge Young's ruling of December 11, 2018 and Universal's failure to alter its position on coverage. As these events forming the basis for a potential bad faith claim have been developing since December 11, 2018, the Court is unimpressed with Universal's claims that the crossclaim is untimely.

Finally, Universal has presented no factual basis for its claim that it would be prejudiced by the late amendment of pleadings. However, as the Court has set jury

selection in this case for November 1, 2019 to be followed on November 4, 2019 with trial, if Universal is serious about its need for some focused and limited discovery to properly defend itself between now and trial, it is free to make a discovery motion and the Court will consider it, even though the discovery period has expired.

### D. Jacqueline García-Navarro's Motion to Amend her Complaint to Assert a Bad Faith Claim against Universal

Puerto Rico statutory law provides:

Any person can initiate a civil action against an insurer if they suffered damages as a result of:

(b) For the commission of any of these acts by the insurers covered under this Law:

(i) No good faith attempt to resolve complaints when under an analysis of the totality of the circumstances, could and should have been done and when it fails to act fairly and honestly towards its insured and in consideration of his interests[.]

Law 247, Art. 27.164. Preliminarily, the Court agrees with Universal that general principles of insurance law would not allow a claimant to file a lawsuit directly against the tortfeasor's insurer.[5] However, it agrees with Ms. García-Navarro that the Puerto Rico statute carves out an exception to the general rule and provides for a direct claim against Universal. Law 247, Art. 27.164 ("any person"). Therefore, Universal's standing, ripeness, and general insurance law arguments are eclipsed by the Puerto Rico statute.

The Court turns to Universal's position that, even if a claimant is authorized to file a direct action against the tortfeasor's insurer, the statute does not allow a

---

[5] There has been no suggestion that the insured assigned claims against Universal to the plaintiff.

claimant to file a bad faith action against an insurer. The Court disagrees. The language of the statute, "good faith attempt" and "fails to act fairly and honestly," is strongly suggestive of a legislative intent to allow a direct action for the bad faith administration of a claim. In fact, in the Legislature's Statement of Motives, it is expressly written that the statutory remedy "protects the insured against actions of bad faith by insurers." *Mot. Submitting Cert. English Translation*, Attach. 1, *Law*, at 2 (ECF No. 229). Moreover, there nothing in the statutory language that restricts the reach of the law as Universal proposes. To the contrary, Article 27.164(5) expressly sets forth the preconditions for an award of punitive damages.

The Court next addresses the notice provision of the statute:

> As a precondition to bring an action under the provisions of this Article, the affected party must notify the Commissioner and the insurer of the violation in writing. The Insurer will have a term of sixty [60] days to remedy it. The Commissioner, if it deems the written notification to be insufficient or vague, will return the same and the term of sixty (60) days will not start running until the deficiency identified by the Commissioner is corrected.

Law 247, Art. 27.164(3). The statute says that the claimant must file the notification on an official Commission form, that no action will be taken if the insurer pays damages or remedies the deficiencies alleged in the notice, and other requirements. *Id.* 27.164(3)(a)-(e). Ms. García-Navarro has a point when she notes that the underlying purposes of the law have been amply met in this case. Universal has been on notice that it has allegedly engaged in bad faith in this case since at least February 7, 2019, when La Bella Unión filed a crossclaim alleging Universal's bad faith in its claims handling and seeking punitive damages. *La Bella Crosscl.* at 1-3. Thus,

Universal's protest that it has not had sixty days to address an issue that has been pending in a different form for more than four months rings hollow.

Nevertheless, the statute labels the notice provision as a precondition before an action may be brought. Absent some judicial precedent authorizing an exception to the notice requirement where a claimant can demonstrate the insurer was given actual prior notice of the claim, the Court will apply the literal language of the statute. It will grant the motion to amend the complaint effective sixty days from the date of the notice. Ms. García-Navarro gave notice to Universal on June 7, 2019. The sixty-day period runs on August 6, 2019. The Court's order granting the Plaintiff's motion to amend the complaint will be effective on August 7, 2019. Pursuant to Federal Rule of Civil Procedure 15(a)(3), Universal's answer to the amended complaint will be due on or before August 21, 2019. The parties are free, if they need to do so, to immediately engage in discovery on the bad faith allegations in the amended complaint with the knowledge that the Court has granted the motion for leave to file an amended complaint. The parties should anticipate that the Court will try the allegations in the amended complaint as well as any other issues at the trial now scheduled to commence with jury selection on November 1, 2019. So that it is clear, the Court is retaining the November 1, 2019 date for jury selection and November 4, 2019 for the commencement of trial and that any discovery must be completed by that time.

Finally, the Court rejects Universal's election of remedies argument.[6] First, the Court is not convinced that the language of Article 27.164(6) requires a potential plaintiff to elect between her contractual and Civil Code remedies and her Article 27.164 remedies. The statute expressly states that "[t]he civil remedy specified in this Article does not replace any other remedy or cause of action under any other statute or in accordance with the laws of Puerto Rico or applicable federal laws." Law 247, Art. 27.164(6). If the statute were interpreted as preventing a claimant from proceeding with her contractual and other remedies if she proceeds with the Article 27.164 remedy, Article 27.164 would effectively replace the other remedies. The Court interprets Article 27.164(6) has prohibiting a double recovery. In other words, a claimant may not obtain contractual and other statutory remedies and Article 27.164(6) remedies. This analysis is however preliminary, and the parties, including Universal, are free to bring this issue back to the Court for further analysis if there is further or intervening authority.

Even assuming Universal is correct that Ms. García-Navarro must elect her cause of action and remedies, she is not required to do so in her Complaint:

> Under Rule 8(e)(2) a party may assert inconsistent allegations in the statement of facts. A pleader may also set forth inconsistent legal theories in his pleading and will not be forced to select a single theory on which to seek recovery.

---

[6] Nor is the Court impressed with Universal's citation of *Morales v. Automatic Vending* and *Feliciano v. The United States Automobile Association.* The Court is not clear that either case forbids a plaintiff from including a coverage allegation along with her original action. But assuming Universal correctly interprets these cases, they were each decided before the enactment of Article 27.164, which expressly authorized a direct action against an insurer by any person.

5 CHARLES ALAN WRIGHT & ARTHUR R. MILLER, FEDERAL PRACTICE AND PROCEDURE §
1283 (2d ed. 1990).

### E.    La Bella Unión's Proposed Bad Faith Claim Against Universal

The Court addressed the issue of timeliness in the context of Universal's motion to strike and its analysis is equally applicable to the timeliness arguments concerning the filing of the crossclaim.  The Court turns to whether it has jurisdiction over the proposed crossclaim.

The Court's decision to grant the Plaintiff's motion to amend her complaint means that the question of Universal's bad faith is before the Court.  Once the allegations in the Third Amended Complaint are taken into account, Universal's contention that the La Bella Unión crossclaim does not "share a common nucleus of operative facts" with the Plaintiff's Complaint is no longer viable.  The notion that the Court should not exercise supplemental jurisdiction under 28 U.S.C. § 1367 because it involves a novel and complex area of state law is overshadowed by the fact that, with the amendment of the Plaintiff's Complaint to assert essentially the same claim as found in La Bella Unión's crossclaim, the state law issues are going to be before the Court in any event.  Moreover, the Court does not view the state law claims as so novel or complex as to justify declining to retain supplemental jurisdiction.

Finally, there are strong reasons of judicial efficiency and finality for this Court to try these issues, which involve the parties and issues already properly before the Court.  In *City of Chicago v. International College of Surgeons*, 522 U.S. 156 (1997), the United States Supreme Court stated that "when deciding whether to exercise

27

supplemental jurisdiction, 'a federal court should consider and weigh in each case, and at every stage of the litigation, the values of judicial economy, convenience, fairness, and comity.'" *Id.* at 173 (quoting *Carnegie-Mellon Univ. v. Cohill*, 484 U.S. 343, 350 (1988)). As Professor Chemerinsky wrote:

> It is extremely desirable for federal courts to have the authority to decide the entire case, including the matters that are not part of federal jurisdiction. Judicial economy is served by having a matter litigated in one court rather than in two or more tribunals. The spitting of lawsuits increases costs to the parties, wastes social resources, and risks inconsistent verdicts from different courts. Additionally, allowing all aspects of a case to be tried in federal court preserves the attractiveness of the federal forum for litigants. If the entire case could be tried in state court, but only part of it could be litigated in federal court, then parties would have a strong incentive to eschew the federal forum.

ERWIN CHEMERINSKY, FEDERAL JURISDICTION, § 5.4 (6th ed. 2012). Applying these standards, the Court concludes that it should exercise supplemental jurisdiction over La Bella Unión's crossclaim against Universal.

## IV. CONCLUSION

The Court DISMISSES Universal Insurance Company's Motion to Strike Crossclaim (ECF No. 186); the Court GRANTS Jacqueline García-Navarro's Motion Requesting Leave to Amend Complaint (ECF No. 220) effective August 7, 2019; the Court GRANTS Defendants Hogar Bella Unión, Inc. and Maria M. Betancourt's Motion in Compliance with Order [Doc. 213], (ECF No. 221).

The Court AFFIRMS the December 11, 2018 summary judgment ruling of United States District Court Judge William Young in which he concluded that the Universal Insurance Company general commercial liability policy affords coverage for the Plaintiff's claims against its insureds La Bella Unión and Maria M. Betancourt

insofar as the Plaintiff claims that La Bella Unión and Maria M. Betancourt failed to keep proper records and communicated erroneous information, leading to Carlina Navarro-Ayala's injuries and death. The Court DENIES Universal Insurance Company's Motion Reconsideration of Order at Docket No. 199 (ECF No. 201) and its Motion in Compliance with Order (ECF No. 218).

SO ORDERED.

/s/ John A. Woodcock, Jr.
JOHN A. WOODCOCK, JR.
UNITED STATES DISTRICT JUDGE

Dated this 12th day of July, 2019