UNITED STATES DISTRICT COURT
DISTRICT OF PUERTO RICO

| | | |
|---|---|---|
| JACQUELINE GARCÍA-NAVARRO, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | 3:17-cv-01271-JAW |
| | ) | |
| HOGAR LA BELLA UNIÓN, INC., et al. | ) | |
| | ) | |
| | ) | |
| Defendants. | ) | |

**ORDER ON UNIVERSAL INSURANCE COMPANY'S POSITION AND NON-PARTICIPATION AS TO THE DAMAGES ONLY TRIAL**

On October 31, 2019, Universal Insurance Company (Universal) filed its notice that it has elected not to participate in the damages-only trial scheduled to start on November 4, 2019. *Notice of Universal Ins.'s Position and Non-Participation as to the Damages Only Trial that is Scheduled to Start on Nov. 4, 2019* (ECF No. 355) (*Universal's Notice*). The Court accepts Universal's decision, but in this Order, the Court corrects Universal's misstatement of the Court's position. In its Notice, Universal writes:

> Appearing co-defendant respectfully requests this Court to take notice that, pursuant to this Court's interpretation that Universal Insurance is not a party to Plaintiff's tort action against Hogar Bella Union and that Plaintiff's direct cause of action against Universal Insurance under the Puerto Rico Insurance Code will be tried at a later time <u>which will include Universal's opportunity to present its affirmative defenses and evidence</u>, Universal will not accept Plaintiff's invitation to participate in this tort trial where the only question that will be presented to the jury is that of Plaintiff's damages.

*Id.* at 1 (emphasis added). To set the record straight, the Court has not ruled that Universal will be entitled to a separate trial at which Universal will be allowed to present its affirmative defenses and evidence.

On May 5, 2018, Jacqueline García-Navarro filed a second amended complaint against, among others, Hogar La Bella Unión, Inc. (Hogar La Bella Unión) and María M. Betancourt, and against Universal as their insurer. *Second Am. Compl.* (ECF No. 93). Counsel have repeatedly informed the Court that this is a standard practice under Puerto Rico law whereby the tort and coverage claims may be pleaded in the same complaint and submitted to a jury at the same trial. On December 11, 2018, United States District Judge William Young ruled that Universal provided coverage to Hogar La Bella Unión and Ms. Betancourt on two potential grounds: failure to keep records and miscommunicating to treating physician. *See Min. Entry* (ECF No. 166); *Order on Mot. to Strike Crosscl., Mot. to File Am. Compl. and Mot. in Compliance* at 16-20 (ECF No. 233). Universal has never accepted Judge Young's ruling and has continued to deny that it owes a duty to defend or to indemnify Hogar La Bella Unión and Ms. Betancourt.

As such, until recently the trial between Ms. García-Navarro would have resolved both the tort claim against Hogar La Bella Unión and Ms. Betancourt and the coverage issue. Attorneys Paul Rodriguez-Velez, Glenda Labadie, and Carlos Concepcion-Castro would represent Ms. García-Navarro; Attorneys Jose Escalera-Canales and Ramon Gonzalez-Santiago would represent Hogar La Bella Unión and Ms. Betancourt. Universal has not hired Attorneys Escalera-Canales and Gonzalez-

Santiago to represent either Hogar La Bella Unión or Ms. Betancourt because Universal has declined to provide a defense; these attorneys have been hired by Hogar La Bella Unión and Ms. Betancourt. Finally, Attorneys Jose Andreu-Collazo, Jose Andreu-Fuentes, Jose Martinez-Chevres, and Jose Lamas-Rivera would represent Universal.

Ms. García-Navarro would have prosecuted both her tort claim against Hogar La Bella Unión and Ms. Betancourt and her coverage action against Universal. Hogar La Bella Unión and Ms. Betancourt's attorneys would have defended the tort claim and Universal's attorneys would have defended the coverage claim. For example, as the Court understands what counsel communicated, Universal's attorneys would have focused on whether the alleged negligence fit within Judge Young's coverage ruling, asking the jury, for example, whether it found Hogar La Bella Unión and Ms. Betancourt liable for poor recordkeeping or miscommunication. At the same time, Ms. García-Navarro's counsel indicated that they did not object to Universal's counsel assuming a broader role and defending more generally the liability and damages aspects of the tort claim.

On October 28, 2019, Ms. García-Navarro's and Hogar La Bella Unión and Ms. Betancourt's attorneys informed the Court that they had settled only the liability portion of Ms. García-Navarro's case, leaving the damages portion of the case the sole matter to be tried between Ms. García-Navarro and Hogar La Bella Unión and Ms. Betancourt. This settlement effectively eclipsed the coverage issue as a viable issue for this jury trial because in this trial, the jury will be dealing with damages only.

This development left the question of what Universal's role would be in the upcoming damages trial. The Court conferred with counsel yesterday by videoconference on this issue as well as a number of others. Again, Ms. García-Navarro's counsel indicated they had no objection to Universal's counsel participating in the damages portion of the trial so long as they were identified as Universal's counsel. Universal's counsel first suggested that they should be allowed to participate as Hogar La Bella Unión and Ms. Betancourt's counsel, but, once Ms. García-Navarro's counsel objected, the Court ruled that they could not do so, because Universal had never acknowledged the duty to defend Hogar La Bella Unión and Ms. Betancourt and to allow them to participate in name for a client they did not represent would be improper. The Court therefore gave Universal's counsel an opportunity to participate under the name of their client in the damages portion of this trial, and Universal's counsel declined to do so.

This decision now leaves the question of what is to follow. Once a verdict has issued in favor of Ms. García-Navarro and against Hogar La Bella Unión and Ms. Betancourt, the Court perceives (at least) five issues remaining: (1) whether Universal provides coverage for that verdict; (2) the impact of the settlements by other tortfeasors on the verdict; (3) Ms. García-Navarro's Law 247 claim against Universal; (4) how to proceed with Universal's bad faith and collusion claim against Ms. García-Navarro and its insureds, Hogar La Bella Unión and Ms. Betancourt; and (5) the legal effect of the upcoming verdict against Hogar La Bella Unión and Ms. Betancourt. These issues are matters of Puerto Rico law, presumably controlled by

4

the Puerto Rico Insurance Code as interpreted by Puerto Rico and federal courts. As the Court repeatedly stated, it is not and does not hold itself out as an expert in Puerto Rico law and will rely on counsel to inform the Court as to how Puerto Rico treats these issues, including whether there is a right to a jury trial in the coverage and Law 247 claims, how Puerto Rico law addresses settlements in multi-defendant cases involving joint tortfeasors, and how Puerto Rico law treats a generalized negligence verdict for purposes of determining insurance coverage.

As the Court does not know how Puerto Rico law addresses these issues and as respected counsel flatly disagree with each other on many basic principles of Puerto Rico tort and insurance law, the Court has made no promise to Universal that it will be given an "opportunity to present its affirmative defenses and evidence" on liability. *Universal's Notice* at 1. The Court only promises Universal and the other parties that it will accord them whatever rights Puerto Rico law accords them: nothing more, nothing less.

SO ORDERED.

/s/ John A. Woodcock, Jr.
JOHN A. WOODCOCK, JR.
UNITED STATES DISTRICT JUDGE

Dated this 31st day of October, 2019