UNITED STATES DISTRICT COURT
DISTRICT OF PUERTO RICO

| | | |
|---|---|---|
| JACQUELINE GARCÍA-NAVARRO, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | 3:17-cv-01271-JAW |
| | ) | |
| HOGAR LA BELLA UNIÓN, INC., et al. | ) | |
| | ) | |
| Defendants. | ) | |

**ORDER ON MOTIONS TO COMPEL AND MOTION TO EXTEND DISCOVERY**

**I. BACKGROUND**

The genesis of this dispute can be traced to a discovery dispute between two of the parties, Jaqueline García-Navarro and Universal Insurance Company (Universal), in the fall of 2019. *See Order on Mot. to Compel and Mot. for Judicial Notice* (ECF No. 290). The issue first came to the Court's attention in Universal's surreply to another discovery dispute when Universal noted that Ms. García-Navarro had filed a request for production for a certified copy of its audited financial statements and a number of its claims files. *Surreply to Pl.'s Reply to Opp'n to Mot. to Compel and Urgent Mot. Reiterating and Supplementing Universal's Req. for Issuance of a Protective Order Pursuant to Fed. R. Civ. Pro. 37(a)(1)* at 2-3 (ECF No. 270). Universal referred to requests for production of documents that Ms. García-Navarro had filed on September 17, 2019. *Id.* This discovery issue was thought to be time-sensitive because the Court had indicated that it intended to try both the

underlying tort claim and the insurance claims at the trial scheduled for early November 2019.

On October 15, 2019, Ms. García-Navarro filed a motion asking the Court to deny Universal's opposition to the production of pending discovery and compel its production. *Mot. in Compliance with Order* (ECF No. 391). On October 20, 2019, Ms. García-Navarro filed an urgent motion to compel production of the same pending discovery, and the Court granted the motion on October 21, 2019. *Urgent Mot. to Compel* (ECF No. 299); *Order Granting Mot. Submitting Urgent Mot. to Compel* (ECF No. 303); *Order Amending Order at ECF No. 303* (ECF No. 304) (*Order*). The Court found the October 15, 2019, motion moot on the same day. *Order Finding as Moot Mot. in Compliance with Order* (ECF No. 305).

The October 21, 2019, Order required Universal to produce (1) a certified copy of its audited income statements, balance sheets, and financial statements for the years 2016 through 2018 and (2) certified and numbered copies of all documents contained in the complete claims file for twenty policy holders who filed complaints for bad faith under Law 247 against Universal in the Puerto Rico Court of First Instance. *Order*; *Urgent Mot. to Compel* at 1. On October 23, 2019, Ms. García-Navarro filed a motion for sanctions in the form of negative-inference jury instructions due to Universal's failure to produce the above discovery. *Urgent Mot. Requesting Sanctions in the Form of Negative-Inference Jury Instructions* (ECF No. 322). On October 28, 2019, however, the Court bifurcated the tort claim from the Law 247 claim and stayed all discovery related to that claim. *Order on Bifurcation* at 7

(ECF No. 330). The Court proceeded to trial solely on the tort claim and the jury issued a verdict on November 5, 2019. *Jury Verdict Form* (ECF No. 367).

The case continued to proceed. The Court ordered the parties to file legal memoranda on specific issues and to confer and present a proposal for any further discovery. *Min. Entry* (ECF No. 371). On November 15, 2019, the parties agreed to complete any additional discovery by February 28, 2020, *Informative Mot. Regarding Pending Disc.* (ECF No. 372); *Informative Mot. as to Disc. of Evid.* (ECF No. 373), and on the same day, the Court ordered a discovery period to end on February 28, 2020. *Order Granting Informative Mots.* (ECF No. 374).

On February 14, 2020, Ms. García-Navarro filed a motion to compel for an order requiring Universal to comply with the October 21, 2019, Order by producing a certified copy of its audited statements for 2016 through 2018 and by producing certified and numbered copies of bad faith claims files. *Mot. to Compel* (ECF No. 391) (*Pl.'s Mot.*). On February 19, 2020, Universal responded. *Resp. to Pl.'s Mot. to Compel at Docket No. 391* (ECF No. 393) (*Universal's Opp'n*). On February 20, 2020, Ms. García-Navarro filed a reply. *Reply to Opp'n to Mot. to Compel* (ECF No. 396) (*Pl.'s Reply*).

Meanwhile, on February 27, 2020, Universal moved to extend the time by thirty days to fully respond to the requested discovery and conduct further discovery. *Informative Mot. and Mot. for Extension of Time to Complete Disc.* (ECF No. 397) (*Universal's Extension Mot.*). On March 2, 2020, Ms. García-Navarro filed her opposition to Universal's Extension Motion. *Opp'n to Mot. for Extension of Time* (ECF

3

No. 400) (*Pl.'s Extension Opp'n*). On March 3, 2020, Universal replied to Ms. García-Navarro's response. *Br. Reply to Pl.'s Opp'n to Mot. for Extension of Time* (ECF No. 404) (*Universal's Extension Reply*). On April 6, 2020, Ms. García-Navarro filed a sur-reply. *Sur-Reply to Reply Filed at Docket No. 403* (ECF No. 418) (*Pl.'s Extension Sur-Reply*).

On March 5, 2020, Ms. García-Navarro filed a fourth motion to compel. *Fourth Mot. to Compel.* Ms. García-Navarro notes that she has received some documents from Universal; however, she contends that she has not yet received the certification for the audited statements and that Universal failed to produce numbered documents. *Id.* at 1-3.

On April 3, 2020, Universal responded to Ms. García-Navarro's fourth motion to compel but filed the motion from the wrong account. *Resp. to Pl.'s Fourth Mot. to Compel at Docket No. 407* (ECF No. 409). On April 6, 2020, Universal filed the same response correctly. *Resp. to Pl.'s Fourth Mot. to Compel at Docket No. 407* (ECF No. 414). In its response, Universal represents that in late February 2020, it produced "all of the requested physical claims files at a location where [Ms. García-Navarro] had copiers and scanners at her disposal to make all the digital or paper copies she deemed fit." *Id.* at 2. However, Universal continues, Ms. García-Navarro "chose not to make copies of the requested documents since allegedly they were not complete, numbered or certified." *Id.* Universal says that Ms. García-Navarro requested that Universal produce these documents "in digital format so that she would not [have] to [bear] the expense of making the copies herself." *Id.* Universal argues that it

4

complied with its discovery obligations by making the documents available to Ms. García-Navarro. *Id.* at 2-3.

Even so, Universal offers "in order to end this controversy between the parties" to "permit inspection of the physical claims files" and to "number the documents and provide a certification from its custodian." *Id.* at 3. It also offers to "allow [Ms. García-Navarro] to take the physical claims files in order to digitalize them." *Id.* With this said, Universal notes that it is currently "not operating" due to the ongoing COVID-19 pandemic and will not be able to produce these documents until the lockdown ends. *Id.* Universal asks the Court to grant it thirty days from the end of the lockdown to permit inspection of the documents. *Id.* Finally, Universal rejects Ms. García-Navarro's request for an adverse-inference jury instruction based on alleged spoliation. *Id.* at 3-5.

Shortly after Universal filed its response on April 3, 2020, Ms. García-Navarro filed a reply. *Br. Reply to Docket No. 409* (ECF No. 412). In her reply, she reiterates her view that she is entitled to a spoliation instruction and stresses Universal's delay in responding to her long-standing discovery requests and court orders. *Id.* at 1-2.

## II. DISCUSSION

The Court differentiates between the two document requests. Universal's response to Ms. García-Navarro's request for certified copies of audited statements is that "the financial statements provided to [Ms. García-Navarro] are copies of the same statements that are provided yearly to the Puerto Rico Insurance Commissioner's Office by order of law." *Universal's Opp'n* at 2. Universal says that

these statements are "public information and comply with the Puerto Rico Insurance Commissioner's regulations." *Id.* Universal represents that the statements "are in fact audited statements." *Id.* Even though the statements are not certified, Universal affirms that it "will not contest their authenticity at trial." *Id.* In neither her reply nor her fourth motion does Ms. García-Navarro directly address Universal's response. *Pl.'s Reply* at 1-2.

As the Court understands Universal's response, it has produced to Ms. García-Navarro the same audited financial statements that it provided to the Puerto Rico Insurance Commissioner and it will stipulate to the authenticity of the financial statements for purposes of admission at trial. As such, the Court concludes that Universal has complied with the spirit, if not the letter, of the Court's orders. Put another way, Ms. García-Navarro has not explained why Universal's production of the financial statements should not be deemed to comply with the Court's orders if Universal is willing to represent that they are accurate and that they may be admitted into evidence at trial. The Court is dismissing this portion of the motions to compel without prejudice to allow Ms. García-Navarro to move for further compliance if she concludes it is necessary to reinitiate a motion to compel but she must explain why what was produced is not in substantial compliance with the Court's orders.

Regarding the production of claims files, Universal says that when it received the request for production, there was "some confusion" because Ms. García-Navarro's request contained the wrong case caption. *Universal's Opp'n* at 2-3. Further,

6

Universal notes that it requested additional discovery time in its February 12, 2020, memorandum of law, specifically an additional forty-five days for discovery and thirty days after the close of discovery to file appropriate dispositive motions. *Id.* at 3; *Universal Insurance's Mem. of Law* at 32 (ECF No. 390). In its February 27, 2020, Extension Motion, Universal represents that "the copies of the twenty (20) claims file[s] sought by [Ms. García-Navarro] are ready and that they are going to be made available to [Ms. García-Navarro] today." *Universal's Extension Mot.* at 1. In her response and her reply, Ms. García-Navarro does not mention whether she has received the claims files but objects generally to extending the time for discovery. *Pl.'s Extension Opp'n* at 1; *Pl.'s Extension Sur-Reply* at 1-2.

In sum, as the Court understands it, Universal has already produced the twenty claims files that are the subject of Ms. García-Navarro's motions to compel. Assuming the accuracy of Universal's representations, the Court views the dispute to be something counsel should be able to work out without resorting to court and demanding a court order. The Court agrees with Universal that if it allowed counsel for Ms. García-Navarro to physically inspect and copy the files, it has complied with the letter and spirit of the discovery request. As the Court suspects that once the COVID-19 pandemic has passed, counsel will be able to work together to resolve this impasse, the Court will dismiss the motions to compel production of the claims files without prejudice. Should the attorneys be unable to work together to resolve this dispute, they may return to the Court, but again, counsel should be prepared to demonstrate why they needed to resort to court and why a court order is necessary.

The Court agrees with Universal that the current pandemic makes physical inspection of the claims files a practical impossibility and that a thirty-day period after the lockdown is lifted is a reasonable time to allow a reinspection.

The Court is not prepared at this time to grant Ms. García-Navarro's request for an adverse inference jury instruction regarding Universal's failure to produce the requested claims files. The request is premature and depends in part on whether the parties are able to resolve their ongoing discovery dispute without making unreasonable demands or asserting unreasonable defenses.

As regards Universal's request to extend the discovery deadline thirty days and to set a time for filing dispositive motions, the Court is not satisfied that Universal has adequately explained what additional discovery it is contemplating. In its February 12, 2020, memorandum of law, Universal merely asserts that more time is needed for discovery, but it does not delineate why or precisely what discovery is necessary. *Universal's Extension Mot.* at 1-2. Further, in Universal's reply brief for the extension motion, Universal states that it needs to conduct additional discovery "as to the particular elements needed to question the validity of the Settlement Agreement executed between [Ms. García-Navarro] and Hogar Bella Unión" and that it "did not have ample time to conduct the remaining discovery" because it "arose out of the legal investigation conducted in preparation of Universal's Memorandum of Law . . .." *Universal's Extension Reply* at 1-2. This explanation is not specific enough. If Universal wishes to engage in further discovery, it will have to file a new motion specifically addressing what it contemplates, why it is necessary, and why this

discovery was not accomplished during the reopened discovery period that lapsed on February 28, 2020.

As for Universal's statement that it wishes to file dispositive motions, the Court is skeptical that the issues before the Court are susceptible to dispositive motion practice because there appear to be genuine issues of material fact that would prevent the resolution of the case in a summary fashion. Before any such motion is filed, the Court will require Universal to file a motion for leave to file a dispositive motion and the Court will give Ms. García-Navarro an opportunity to be heard.

## III. CONCLUSION

The Court DISMISSES without prejudice as moot Plaintiff Jacqueline García-Navarro's Motion to Compel (ECF No. 391), Fourth Motion to Compel (ECF No. 407), Urgent Motion Requesting Sanctions in the Form of Negative-Inference Jury Instructions (ECF No. 322), and the Defendant Universal Insurance Company's Informative Motion and Motion for Extension of Time to Complete Discovery (ECF No. 397) to the extent it relates to the twenty bad faith claims files. The Court GRANTS Defendant Universal Insurance Company's motion to extend the deadline for Plaintiff Jacqueline García-Navarro's inspection of the claims files for a period of thirty days after the current lockdown in Puerto Rico due to the COVID-19 pandemic is lifted. The Court DISMISSES without prejudice Defendant Universal Insurance Company's Informative Motion and Motion for Extension of Time to Complete Discovery (ECF No. 397) to the extent it relates to further discovery and Universal Insurance Company's motions for a forty-five-day extension of the discovery period

9

and a thirty-day period following the close of discovery to file appropriate dispositive motions contained within Universal Insurance's Memorandum of Law (ECF No. 390). Finally, before Universal Insurance files any dispositive motion, the Court ORDERS Universal Insurance to file a motion for leave to file a dispositive motion, explaining to the Court why it contends that the issues presented in this case are susceptible to summary disposition without trial.

SO ORDERED.

/s/ John A. Woodcock, Jr.
JOHN A. WOODCOCK, JR.
UNITED STATES DISTRICT JUDGE

Dated this 7th day of April, 2020